E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
International Narcotics, Money Laundering,
  & Racketeering Section
      1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-3045
      Facsimile: (213) 894-6269
      E-mail:   samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

8/2/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-387-DSF-2 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT EDSON MARTINEZ |
| v. | |
| EDSON MARTINEZ, | |
| Defendant. | |

1.   This constitutes the plea agreement between Edson Martinez ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

      a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a First Superseding Information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with conspiracy to import methamphetamine in violation of 21 U.S.C. §§ 963, 952, 960(a)(1), (b)(3).

      b.  Not contest facts agreed to in this agreement.

      c.  Abide by all agreements regarding sentencing contained in this agreement.

      d.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.  Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.  Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.  The USAO agrees to:

      a.  Not contest facts agreed to in this agreement.

      b.  Abide by all agreements regarding sentencing contained in this agreement.

      c.  At the time of sentencing, move to dismiss the underlying indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any

dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 23 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

POSSIBLE PARTICIPATION IN CASA PROGRAM

  4. Defendant has requested consideration for participation in the Court's Conviction and Sentence Alternatives ("CASA") program. Defendant understands that his application will be reviewed by the USAO and the CASA program team using their ordinary procedures for a determination whether defendant will be accepted for participation in the CASA program, and that there is no certainty that defendant will be accepted for participation in the CASA program.  With this understanding in mind, defendant and the USAO agree as follows:

   a. After entry of defendant's guilty plea, defendant and the USAO will request that preparation of a presentence report be delayed, that any previously set sentencing date be vacated, and that a status conference be scheduled for a date approximately 30 days after entry of defendant's guilty plea;

   b. If the CASA program team determines that defendant should be accepted for participation in the CASA program, defendant and the USAO will execute an amended plea agreement incorporating the

3

terms of defendant's participation in the CASA program, leaving all other terms of the instant plea agreement in effect ("CASA plea agreement");

c.    If defendant and the USAO file a CASA plea agreement, they will jointly request that the Court (i) order that this case be transferred to the CASA judicial officer; (ii) refer defendant to the CASA program for the CASA program judicial officer to take defendant's amended guilty plea pursuant to the CASA plea agreement; and (iii) permit defendant to begin his participation in the CASA program;

d.    If either: (i) defendant is not accepted in the CASA program, or (ii) the Court does not agree to allow defendant's participation in the CASA program; then the Court shall be so advised at or prior to the status conference referenced in subparagraph (a) above, defendant's guilty plea pursuant to this agreement shall remain in place, and the parties will jointly request that the Court set a date for defendant's sentencing and order that the United States Probation Office prepare defendant's presentence report.

<u>NATURE OF THE OFFENSE</u>

5.    Defendant understands that for defendant to be guilty of the crime charged in the First Superseding Information, that is, conspiracy to import methamphetamine, in violation of Title 21, United States Code, Sections 963, 952, 960(a)(1), the following must be true: (1) there was an agreement between two or more persons to import methamphetamine; and (2) defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

6.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth

below, the government must prove beyond a reasonable doubt that defendant conspired to knowingly and intentionally import methamphetamine, a Schedule II controlled substance.  Defendant admits that defendant, in fact, conspired to knowingly and intentionally import methamphetamine.

<u>PENALTIES</u>

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 963, 952, 960(a)(1), (b)(3) is: 20 years imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 963, 952, 960(a)(1), (b)(3) is: a three-year period of supervised release, and a mandatory special assessment of $100.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

1  regardless of any immigration consequences that his plea may entail,

2  even if the consequence is automatic removal from the United States.

3      12.  Defendant understands that under 21 U.S.C. § 862a,

4  defendant will not be eligible for assistance under state programs

5  funded under the Social Security Act or Federal Food Stamp Act or for

6  federal food stamp program benefits, and that any such benefits or

7  assistance received by defendant's family members will be reduced to

8  reflect defendant's ineligibility.

9                          FACTUAL BASIS

10     13.  Defendant admits that defendant is, in fact, guilty of the

11 offense to which defendant is agreeing to plead guilty.  Defendant

12 and the USAO agree to the statement of facts provided below and agree

13 that this statement of facts is sufficient to support a plea of

14 guilty to the charge described in this agreement and to establish the

15 Sentencing Guidelines factors set forth in paragraph 15 below but is

16 not meant to be a complete recitation of all facts relevant to the

17 underlying criminal conduct or all facts known to either party that

18 relate to that conduct.

19     Beginning on a date unknown and continuing to on or about

20 December 13, 2016, in Los Angeles County, within the Central District

21 of California, and elsewhere, defendant conspired with co-conspirator

22 1 and others, to knowingly and intentionally import methamphetamine,

23 a Schedule II controlled substance, from Mexico into the United

24 States.

25     Specifically, on December 13, 2016, co-conspirator 1 crossed

26 into the United States from Mexico in a vehicle that co-conspirators

27 had loaded with methamphetamine in Mexico.  After crossing into the

28 United States, co-conspirator 1 picked up defendant and the two drove

to distribute the methamphetamine to co-conspirators in Los Angeles County.  Law enforcement conducted a traffic stop of defendant and co-conspirator 1 as they drove to Los Angeles County.  At the time he was stopped, defendant knowingly and intentionally possessed, in furtherance of the conspiracy, approximately 17 kilograms of actual methamphetamine hidden in the vehicle.

SENTENCING FACTORS

14.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

15.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:          32  [U.S.S.G. §§ 2D1.1(a)(5), (c)(2)]

Minimal Role:                -4  [U.S.S.G. § 3B1.2(a)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16.  Defendant and the USAO agree that:

8

a.   Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

b.   The offense did not result in death or serious bodily injury to any person; and

c.   Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1       e.   The right to confront and cross-examine witnesses

2 against defendant.

3       f.   The right to testify and to present evidence in

4 opposition to the charges, including the right to compel the

5 attendance of witnesses to testify.

6       g.   The right not to be compelled to testify, and, if

7 defendant chose not to testify or present evidence, to have that

8 choice not be used against defendant.

9       h.   Any and all rights to pursue any affirmative defenses,

10 Fourth Amendment or Fifth Amendment claims, and other pretrial

11 motions that have been filed or could be filed.

12               WAIVER OF APPEAL OF CONVICTION

13   20.  Defendant understands that, with the exception of an appeal

14 based on a claim that defendant's guilty plea was involuntary, by

15 pleading guilty defendant is waiving and giving up any right to

16 appeal defendant's conviction on the offense to which defendant is

17 pleading guilty.  Defendant understands that this waiver includes,

18 but is not limited to, arguments that the statutes to which defendant

19 is pleading guilty are unconstitutional, and any and all claims that

20 the statement of facts provided herein is insufficient to support

21 defendant's plea of guilty.

22       LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23   21.  Defendant agrees that, provided the Court imposes a term of

24 imprisonment within or below the range corresponding to an offense

25 level of 23 and the criminal history category calculated by the

26 Court, defendant gives up the right to appeal all of the following:

27 (a) the procedures and calculations used to determine and impose any

28 portion of the sentence, with the exception of the Court's

calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 23 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

23.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations

11

will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1               COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

2                               OFFICE NOT PARTIES

3       28.   Defendant understands that the Court and the United States

4  Probation and Pretrial Services Office are not parties to this

5  agreement and need not accept any of the USAO's sentencing

6  recommendations or the parties' agreements to facts or sentencing

7  factors.

8       29.   Defendant understands that both defendant and the USAO are

9  free to: (a) supplement the facts by supplying relevant information

10  to the United States Probation and Pretrial Services Office and the

11  Court, (b) correct any and all factual misstatements relating to the

12  Court's Sentencing Guidelines calculations and determination of

13  sentence, and (c) argue on appeal and collateral review that the

14  Court's Sentencing Guidelines calculations and the sentence it

15  chooses to impose are not error, although each party agrees to

16  maintain its view that the calculations in paragraph 15 are

17  consistent with the facts of this case.  While this paragraph permits

18  both the USAO and defendant to submit full and complete factual

19  information to the United States Probation and Pretrial Services

20  Office and the Court, even if that factual information may be viewed

21  as inconsistent with the facts agreed to in this agreement, this

22  paragraph does not affect defendant's and the USAO's obligations not

23  to contest the facts agreed to in this agreement.

24       30.   Defendant understands that even if the Court ignores any

25  sentencing recommendation, finds facts or reaches conclusions

26  different from those agreed to, and/or imposes any sentence up to the

27  maximum established by statute, defendant cannot, for that reason,

28  withdraw defendant's guilty plea, and defendant will remain bound to

                                    14

1  fulfill all defendant's obligations under this agreement.  Defendant

2  understands that no one -- not the prosecutor, defendant's attorney,

3  or the Court -- can make a binding prediction or promise regarding

4  the sentence defendant will receive, except that it will be within

5  the statutory maximum.

6                        NO ADDITIONAL AGREEMENTS

7       31.  Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10 promise, understanding, or agreement may be entered into unless in a

11 writing signed by all parties or on the record in court.

12            PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13      32.  The parties agree that this agreement will be considered

14 part of the record of defendant's guilty plea hearing as if the

15 entire agreement had been read into the record of the proceeding.

16 AGREED AND ACCEPTED

17 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
18 CALIFORNIA

19 E. MARTIN ESTRADA
   United States Attorney

20

21   /s/                                   7/29/23
   _____     _____
22 SAMUEL J. DIAZ                       Date
   Assistant United States Attorney

23 _____     X  7.26.23
                                        _____
24 EDSON MARTINEZ                       Date
   Defendant

25 _____     7-26-23
   PAUL W. BLAKE, JR.                   _____
26 Attorney for Defendant PAUL W.       Date
   BLAKE, JR.

27

28

                                15

1

CERTIFICATION OF DEFENDANT

2      I have read this agreement in its entirety.  I have had enough

3 time to review and consider this agreement, and I have carefully and

4 thoroughly discussed every part of it with my attorney.  I understand

5 the terms of this agreement, and I voluntarily agree to those terms.

6 I have discussed the evidence with my attorney, and my attorney has

7 advised me of my rights, of possible pretrial motions that might be

8 filed, of possible defenses that might be asserted either prior to or

9 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charge and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 _____          X 7·26·23
   EDSON MARTINEZ                            _____
21 Defendant                                 Date

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Edson Martinez's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          7-26-23
PAUL W. BLAKE, JR.                  Date
Attorney for Defendant EDSON
MARTINEZ

# EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No. 21-00387(A)-DSF

11              Plaintiff,              F I R S T
                                        S U P E R S E D I N G
12              v.                      I N F O R M A T I O N

13   ELENA GASPER BARAJAS and          [21 U.S.C. § 963: Conspiracy to
     EDSON MARTINEZ,                    Import Methamphetamine; 21 U.S.C.
14                                      § 853, 28 U.S.C. § 2461(c):
                                        Criminal Forfeiture]
15              Defendants.

16

17        The United States Attorney charges:

18                        [21 U.S.C. § 963]

19                        [ALL DEFENDANTS]

20   A.    OBJECT OF THE CONSPIRACY

21        Beginning on a date unknown and continuing to on or about

22   December 13, 2016, in Los Angeles County, within the Central District

23   of California, the Country of Mexico, and elsewhere, defendants ELENA

24   GASPER BARAJAS and EDSON MARTINEZ conspired with each other and

25   others known and unknown to the United States Attorney to knowingly

26   and intentionally import methamphetamine, a Schedule II controlled

27   substance, in violation of Title 21, United States Code, Sections

28   952, 960(a)(1), (b)(3).

B.   <u>MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE</u>
     <u>ACCOMPLISHED</u>

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Coconspirators would arrange for the importation of large quantities of methamphetamine into the United States from Mexico.

2.   Coconspirators would recruit drug couriers to drive vehicles across the border to Mexico and then to drive the vehicles back into the United States, specifically, to the Los Angeles area, after the vehicles had been loaded with methamphetamine.

3.   Defendants BARAJAS and MARTINEZ would drive the vehicles into Mexico to be loaded with controlled substances.

4.   Coconspirators would load controlled substances into the vehicles.

5.   Defendants BARAJAS and MARTINEZ would drive the vehicles loaded with drugs into the United States.

6.   Coconspirators would take possession of the vehicles loaded with methamphetamine in the United States and pay defendants BARAJAS and MARTINEZ for transporting the methamphetamine.

C.   <u>OVERT ACTS</u>

In furtherance of the conspiracy, and to accomplish the object of the conspiracy, on or about the following dates, defendants BARAJAS and MARTINEZ, and others known and unknown to the United States Attorney, committed various overt acts within the Central District of California, the Country of Mexico, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1:</u>   On or before December 13, 2016, defendants BARAJAS and MARTINEZ drove their vehicle with a hidden compartment from Los Angeles County to Mexico.

<u>Overt Act No. 2:</u>   On or before December 13, 2016, defendants BARAJAS and MARTINEZ allowed a coconspirator to load their vehicle with approximately 17 kilograms of methamphetamine in Mexico.

<u>Overt Act No. 3:</u>   On December 13, 2016, defendant BARAJAS drove her vehicle with methamphetamine loaded in a hidden compartment into the United States from Mexico.

<u>Overt Act No. 4:</u>   On December 13, 2016, defendant MARTINEZ walked into the United States from Mexico around the same time as defendant BARAJAS drove into the United States.

<u>Overt Act No. 5:</u>   On December 13, 2016, defendant BARAJAS picked up defendant MARTINEZ in her vehicle with approximately 17 kilograms of methamphetamine.

<u>Overt Act No. 6:</u>   On December 13, 2016, defendants BARAJAS and MARTINEZ transported approximately 17 kilograms of methamphetamine in their vehicle toward Los Angeles County with the intent to distribute the methamphetamine to coconspirators in Los Angeles County.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 28 U.S.C. § 2461(c)]

[ALL DEFENDANTS]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in this First Superseding Information.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

4

1   to, or deposited with a third party; (c) has been placed beyond the

2   jurisdiction of the court; (d) has been substantially diminished in

3   value; or (e) has been commingled with other property that cannot be

4   divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

Scott M. Garringer
Deputy Chief, Criminal Division For:

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BRITTNEY M. HARRIS
Assistant United States Attorney
Acting Chief, International
  Narcotics, Money Laundering,
  & Racketeering Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering,
& Racketeering Section

SAMUEL J. DIAZ
Assistant United States Attorney
International Narcotics, Money
Laundering, & Racketeering Section